# CONCURRING OPINION

No. 04-08-00921-CV

Linda L. **SHARP**,
Appellant

v.

Tracy M. **SHARP**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 90-CI-07205
Honorable Andy Mireles, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice
Concurring opinion by: Marialyn Barnard, Justice

Sitting:      Sandee Bryan Marion, Justice
             Rebecca Simmons, Justice
             Marialyn Barnard, Justice

Delivered and Filed: October 14, 2009

Based on the precedent of the Texas Supreme Court's decision in *Hagen v. Hagen*, 282 S.W.3d 899 (Tex. 2009), I reluctantly concur in the result reached by the majority in this case. Although the majority recognizes Tracy's election to receive Combat-Related Special Compensation ("CRSC") "has worked an inequity on Linda," I write separately to emphasize how grossly unfair the result actually is in this case.

The divorce decree in this case was signed in 1990. The federal statute authorizing the election made by Tracy did not take effect until 2004 - fourteen years after the divorce decree was signed. Now, seventeen years after the divorce decree was signed, Tracy makes the election to receive CRSC. Because the federal statute expressly provides that CRSC is not retirement pay, *see* 10 U.S.C. § 1413a(g), the amount of pay Tracy receives that is classified as "retirement" pay is

significantly reduced.  As a result, the amount Linda is entitled to be paid under the divorce decree also significantly decreases by 86% from $1,300 per month to $180 per month.  Thus, the federal statute enables Tracy to unilaterally make an election seventeen years after the parties negotiated a property division that necessarily changes that division.  Although both parties were required to agree to the terms of the division at the time of the divorce, Tracy is permitted to unilaterally change that division seventeen years after the deal was made.

While the federal statute is helpful to a service person having a combat related disability, it is extremely detrimental to the service person's former spouse.  In adopting the law, I do not believe it was Congress's intent to undermine the property division made in existing divorce decrees.  In order to prevent this from occurring, however, Congress will need to revisit the wording of this statute.  Otherwise, "a just-and-right division of retirement benefits may be rendered neither just nor right by allowing one party to cut off the other's share of those benefits." *Hagen*, 282 S.W.3d at 912 (Brister, J, dissenting).

Marialyn Barnard, Justice